Filed 10/16/15  P. v. Moye CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076676 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01206) |
| v. | |
| EUGENE NMNI MOYÉ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Eugene Nmni Moyé has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant (then 75 years old) and Abondo Sanders, Sr. (34 years old), were neighbors with a history of animosity toward each other. On the evening of November 20, 2011, there were approximately 14 children at Sanders's home, and he had been drinking alcohol. The kids were rowdy, so Sanders had them run laps around the neighborhood; eight or nine of them went running; Sanders was running at the back of the group.

On the second lap, Sanders saw defendant walk to the sidewalk, blocking it as the kids ran by. Sanders told defendant, "Get [your] old ass back in the house." Defendant responded: "Fuck you, little punk." Sanders responded in kind. Now standing a couple of feet away from defendant, Sanders saw defendant reach into the pocket of the robe he was wearing, where Sanders also saw the handle of a gun. Sanders taunted defendant: "You got a gun and you ain't gonna do nothing with it." Defendant lunged forward quickly and Sanders flinched backward. Sanders then heard what sounded like two gunshots; he was hit once in the left hip. Defendant shot him through the robe pocket. Defendant walked back into his house. Sanders walked to the corner and asked his son to call the police.

Sanders was taken to the hospital where he underwent surgery and where he remained for eight or nine days. His blood-alcohol level on admission was 0.17 percent.

Law enforcement searched defendant's home. Inside defendant's master bedroom closet, they found a category 1 assault weapon; specifically, a rifle with a large-capacity magazine with 29 rounds that had "SKS" stamped on its side. The rifle was not registered as an assault weapon with the Department of Justice and it was not registered in either defendant's name or his wife's.

2

Defendant was later arrested and ultimately held to answer to charges of assault with a firearm (Pen. Code, § 245, subd. (a)(2)—count one), discharging a firearm in a grossly negligent manner (*id.*, § 246.3—count three), and unlawful possession of an assault weapon (*id.*, former § 12280, subd. (b)—count four). Defendant also was held to answer to allegations that he personally used a firearm (*id.*, § 1192.7, subd. (c)(8)), personally inflicted great bodily injury on Sanders (*id.*, § 12022.7, subd. (a)), and was previously convicted of a strike offense (*id.*, §§ 667, subds. (b)-(i), 1170.12).

Following a court trial, defendant was convicted on all counts and the court found true the enhancement allegations. The trial court later struck defendant's prior strike conviction and sentenced defendant to an aggregate term of eight years eight months in state prison. The court awarded defendant 953 days of custody credit and ordered him to pay various fines and fees, as well as $46,233.60 in direct victim restitution.

Defendant appealed. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        _____BUTZ_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____MAURO_____, J.

4